JUSTICE NELSON
specially concurs.
¶30 I concur in our opinion as far as it goes. I would go further, however. First, to the extent that the District Court determines that any State agency or agent provided, “leaked” or otherwise made available investigative material and information to the media or to the public, then I would require that all the same material and information, without qualification, be made available to the Commission regardless of whether such material or information constitutes confidential criminal justice information and regardless of whether such material or information contains the identities of “informants, witnesses or victims.”
¶31 Quite simply, the State cannot have it both ways. If the material and information at issue is, in fact, criminal justice information, confidential or otherwise, then it is subject to the various rules, protections and requirements of Title 44, Chapter 5, the Montana Criminal Justice Information Act of 1979 (Act). To the extent that such material and information should not have been made available in the first place to the public or to the media under and absent compliance with the Act, then the State should be estopped from now, after the fact, claiming that the material and information is subject to the Act’s protections. Once the information has been wrongfully released, the damage to privacy rights has been accomplished and the investigation has been compromised. The bell cannot be un-rung; all that is left is to punish those individuals and agencies which violated the Act and to compensate those individuals whose privacy rights were violated.
¶32 Second, if the District Court determines that the Commission is entitled to any or all of the material and information at issue, then I would require that the court award the Commission its costs and reasonable attorney fees incurred in its action, in this appeal and on remand. Section 2-3-221, MCA; Bozeman Daily Chronicle v. Police Dept. (1993), 260 Mont. 218, 230-32, 859 P.2d 435, 442-44.